UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD VANZANT,<br><br>               Plaintiff,<br><br>  v.<br><br>DEPUTY DAVE WILCOX; SGT. CHRISTOPHER CRAIG; OFFICER CASEY EGGIMAN; CPL. DANIEL COLE; OFFICER TRAVIS BALL; EFFIE REED-RODRIGUEZ; VERONICA FERRO; LT. GREENLAND; LT. CLARK; CORIZON, LLC.; DEPARTMENT OF CORRECTION; OFFICER LARSEN; DR. YOUNG; N.P. POLSON; and N.P. GELOK,<br><br>               Defendants. | Case No. 1:15-cv-00118-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Brad Vanzant, a prisoner in the custody of the Idaho Department of Correction ("IDOC") and currently incarcerated at Idaho State Correctional Institution ("ISCI"), is proceeding pro se in this civil rights action. Plaintiff has been allowed to proceed on Eighth Amendment claims (filed pursuant to 42 U.S.C. § 1983) and/or claims under the American with Disabilities Act ("ADA") against Defendants IDOC, Dave

**MEMORANDUM DECISION AND ORDER - 1**

Wilcox, Christopher Craig, Casey Eggiman, Daniel Cole, Travis Ball, Effie Reed-Rodriguez, Officer Larsen, Veronica Ferro, and Corizon, LLC ("Corizon"). (Dkt. 12; *see also* Dkt. 18-20 & 28, clarifying the true names of Defendants).

Now pending before the Court are two Motions to Dismiss for failure to state a claim filed by (1) Defendants Corizon, Effie Reed-Rodriguez, and Veronica Ferro ("the Corizon Defendants") (Dkt. 23), and (2) Defendant Wilcox (Dkt. 32). Also pending is Plaintiff's Motion to Amend (Dkt. 39), in which Plaintiff seeks to add Dr. Young, Nurse Practitioner Polson, and Nurse Practitioner Gelok as Defendants.[1] Although Defendants IDOC, Craig, Eggiman, Cole, and Ball ("the IDOC Defendants") have waived service, they have not responded to Plaintiff's Complaint by filing a motion or an answer. Defendant Larsen has not appeared or waived service.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order granting Plaintiff's Motion to Amend and denying as moot the two pending Motions to Dismiss.

The Court has also reviewed the Amended Complaint pursuant to its screening authority under 28 U.S.C. § 1915A, applying the standards of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court concludes that the Amended

---

[1] Plaintiff also seeks to name as Defendants "any other unnamed medical providers who work at the Idaho State Correctional Institution, who have had contact with the Plaintiff concerning his in-ability to walk without proper pain medication and a special built brace for his leg." (Dkt. 23.) Because these potential Defendants remain unidentified, Plaintiff may not proceed against them at this time. However, he may move to amend his Complaint at a later date if later discovers the identities of these other medical providers through the course of discovery.

**MEMORANDUM DECISION AND ORDER - 2**

Complaint states plausible claims upon which relief may be granted, under § 1983 and/or the ADA, against Defendants Wilcox, Craig, Eggiman, Cole, Ball, Reed-Rodriguez, Larsen, Ferro, Corizon, and the IDOC, those Defendants shall answer the Amended Complaint within 21 days after entry of this Order. The Court will not entertain any further Rule 12(b)(6) motions.

Finally, counsel for the IDOC Defendants must inform the Court and Plaintiff within 21 days after entry of this Order whether counsel accepts service on behalf of Defendant Larsen. If not, Plaintiff must effect service of process upon Defendant Larsen within 90 days of the date of this Order.

## BACKGROUND

Plaintiff filed the instant civil rights complaint on March 31, 2015 (mailbox rule).[2] The Complaint alleges that without pain medication and a special brace, Plaintiff cannot walk due to severe pain and lack of strength in his legs. Plaintiff claims that (1) Defendants denied him a wheelchair and adequate pain medication during at least some of his incarceration, (2) Plaintiff was placed in a non-handicapped accessible cell and required to use non-accessible showers, and (3) Plaintiff was placed in segregated housing without a hearing.

---

[2] **Error! Main Document Only.**Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

**MEMORANDUM DECISION AND ORDER - 3**

The Court previously reviewed the Complaint pursuant to 28 U.S.C. § 1915A[3] and determined that the Complaint stated plausible Eighth Amendment claims against Defendants Wilcox, Craig, Eggiman, Cole, Ball, Reed-Rodriguez, Larsen, Ferro, and Corizon, as well as plausible ADA claims against the IDOC based on the accessibility issues identified in the Complaint (but not the denial of a wheelchair). (*See* Dkt. 12 at 6-7, 9, 11, 13.) The Complaint did not state colorable claims under the Due Process Clause. Moreover, the Court did not allow Plaintiff to proceed on any state law claims because he had not identified any such claims, though Plaintiff was instructed that he could move to amend his Complaint to assert state law claims. (*Id*. at 13-14.) Though Plaintiff has moved to amend and submitted a proposed amendment, he has still not identified any state law claims that he intends to assert. (*See generally* Dkt. 39-1.)

The Corizon Defendants and Defendant Wilcox now claim that the Complaint fails to state a claim upon which relief may be granted. (Dkt. 23, 32.)

## PLAINTIFF'S MOTION TO AMEND and
## THE COURT'S REVIEW OF THE AMENDED COMPLAINT

In considering whether Plaintiff should be allowed to amend his Complaint and in reviewing the Amended Complaint, the Court has applied the screening requirements of 28 U.S.C. § 1915A, as well as the pleading requirements of Rule 8, the standards applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6), and the standards for amendment under Rule 15 of the Federal Rules of Civil Procedure. In its

---

[3] Prior to the Court's initial review, the case was dismissed due to an internal processing error and then reopened. (*See* Dkt. 11.)

**MEMORANDUM DECISION AND ORDER - 4**

review of the Amended Complaint, the Court has also considered the arguments asserted by the Corizon Defendants and Defendant Wilcox in their respective motions to dismiss.

**1.      Standards of Law**

The Court is required to review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Review of a complaint under § 1915A is akin to a review following a motion to dismiss—the Court applies Rule 8 pleading standards, as well as Rule 12(b)(6) standards, to determine whether the complaint fails to state a claim for relief. *See Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Mitchell v. South Carolina*, 2012 WL 786349, at *4 n.5 (D.S.C. Feb. 27, 2012) *report and recommendation adopted*, No. CA 3:12-153-CMC-PJG, 2012 WL 786345 (D.S.C. Mar. 9, 2012) *aff'd sub nom. Mitchell v. South Carolina*, 474 F. App'x 298 (4th Cir. 2012).

A complaint fails to state a claim for relief under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although the Rules "do[] not require detailed factual allegations, . . . [they] demand[] more than an unadorned, the-

**MEMORANDUM DECISION AND ORDER - 5**

defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. The courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights

**MEMORANDUM DECISION AND ORDER - 6**

actions filed by pro se prisoners so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

**2.     Discussion**

After careful review of all of the parties' submissions in this case, the Court concludes that the proposed Amended Complaint states plausible Eighth Amendment claims against Defendants Wilcox, Craig, Eggiman, Cole, Ball, Reed-Rodriguez, Larsen, Ferro, and Corizon, as well as plausible ADA claims against the IDOC.

**A.     *Eighth Amendment Medical Care Claims***

Plaintiff asserts Eighth Amendment claims pursuant to 42 U.S.C. § 1983. To state a colorable § 1983 claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Prison or jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). However, "[a] defendant may be held liable as a supervisor under §

**MEMORANDUM DECISION AND ORDER - 7**

1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

As explained in the Court's Initial Review Order, the Eighth Amendment guarantees the right to adequate medical care in prison. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To state a plausible Eighth Amendment medical treatment claim, a plaintiff must show that a defendant acted with deliberate indifference to the Plaintiff's serious medical needs. *Id.* "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with "deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Medical malpractice, negligence, or mere disagreements between an inmate and medical personnel as to necessary treatment do not support a cause of action under the Eighth Amendment. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

        i.    <u>Claim against Defendant Wilcox</u>

Plaintiff's Eighth Amendment medical care claim against Defendant Wilcox—an Ada County sheriff's deputy—is based on Wilcox's conduct in transporting Plaintiff

**MEMORANDUM DECISION AND ORDER - 8**

from the Ada County Jail to ISCI. According to the Amended Complaint, Plaintiff had been allowed a wheelchair when he was incarcerated in the Ada County Jail, and Defendant Wilcox was aware of this. When Wilcox transported Plaintiff to ISCI (in a wheelchair), he allegedly told ISCI officials that Plaintiff "could walk[,] . . . did not need a wheelchair, and . . . was 'faking it.'" (DKt. 39-1 at 2.) Allegedly as a result of this statement, the wheelchair in which Plaintiff was transported "was taken away." (*Id.*)

The Court concludes that the Amended Complaint states a plausible Eighth Amendment claim against Defendant Wilcox. Plaintiff's assertions that he used a wheelchair while incarcerated in Ada County Jail and that Wilcox transported Plaintiff to ISCI in a wheelchair give rise to a reasonable inference that Wilcox was aware of a substantial risk that Plaintiff required the use of a wheelchair as a part of his medical treatment.  Further, Wilcox's alleged statement that Plaintiff was "faking it" is sufficient to support an inference that Wilcox deliberately disregarded that substantial risk.

As noted earlier, for a defendant to be liable under § 1983, that defendant's conduct must have proximately caused the injury of which the plaintiff complains. Defendant Wilcox contends that, even assuming he made the statements attributed to him in the complaint, those statements could not have caused the alleged constitutional violations. According to Wilcox, common sense dictates that it is "unrealistic that the IDOC Defendants would disregard this obvious method of transport [a special handicapped vehicle in which Plaintiff was brought to ISCI], and instead rely on an unofficial and contradictory comment made by a transporting deputy." (Dkt. 33 at 6.) Although Defendant Wilcox's argument may prove to be well-taken, the Court

**MEMORANDUM DECISION AND ORDER - 9**

concludes—at this early stage of the proceedings—that it is plausible Defendant Wilcox's alleged statements, at the very least, swayed the opinion of the prison staff initially responsible for Plaintiff's custody upon his arrival at ISCI, and that those staff members denied Plaintiff the use of a wheelchair on the basis of that opinion. Therefore, Plaintiff's Eighth Amendment claim against Deputy Wilcox requires further factual development and cannot be dismissed at this time.

      ii.      <u>Claims against the Corizon Defendants</u>

Like the initial complaint, the Amended Complaint states a plausible claim against Defendants Effie Reed-Rodriguez, Veronica Ferro, and Corizon. Plaintiff claims that Reed-Rodriguez and Ferro would not allow Plaintiff the use of a wheelchair despite his protests that he could not walk—even on the crutches Reed-Rodriguez offered him—without severe pain. (Dkt. 39-1 at 8.) These Defendants allegedly told Plaintiff, "[W]e will not give you a wheel chair . . . ." (*Id*.) Contrary to Reed-Rodriguez's and Ferro's arguments in their Motion to Dismiss, these allegations raise a plausible inference that these Defendants knew of, and disregarded, a risk that Plaintiff needed a wheelchair. The inference is not strong, and Plaintiff will be required at summary judgment to support his assertions with evidence, but Plaintiff has provided enough at the pleading stage to survive a motion to dismiss by the individual medical provider Defendants.

As to Defendant Corizon, the Court previously concluded that the complaint stated a plausible Eighth Amendment policy claim against Corizon based on (1) Plaintiff's assertions that Corizon did not employ a medical provider who was qualified to prescribe a wheelchair, and (2) the alleged statement of a Corizon employee that, as a matter of

**MEMORANDUM DECISION AND ORDER - 10**

policy, Corizon does not allow its employees to prescribe narcotic pain medication. (Dkt. 12.) That conclusion remains unchanged.

Corizon contends Plaintiff's allegation that he can walk only with a special brace and sufficient pain medication is implausible because Plaintiff is a convicted drug offender and because "pain medications do not cure illness or disease; they relieve pain." (Dkt. 23-1 at 7.) Although these assertions may be true, they are irrelevant. It is common knowledge that, in general, treatment provided by appropriate pain medication can reduce pain, thereby allowing a person to engage in activities he would otherwise be in too much pain to withstand. Further, "the existence of chronic and substantial pain" is a serious medical need for purposes of an Eighth Amendment analysis. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Though Corizon is correct that a prison inmate cannot dictate a specific pain medication, medical providers who consistently prescribe a medication that they know is ineffective and refuse even to consider other potential medications might well exhibit deliberate indifference. Therefore, Plaintiff's claims against Corizon cannot be dismissed on the pleadings alone.

        iii.      <u>Claims against the IDOC Defendants and Defendant Larsen</u>

The Amended Complaint also states plausible Eighth Amendment claims against IDOC Defendants Craig, Eggiman, Cole, and Ball. Plaintiff claims he informed these Defendants that he had no strength in his legs and could not walk without proper medical treatment, but that they required him nonetheless to move about on his own, resulting in

**MEMORANDUM DECISION AND ORDER - 11**

severe pain and injury, and that they placed him in a cell that was not handicapped-accessible. Although non-medical personnel such as Defendants Craig, Eggiman, Cole, and Ball are generally entitled to rely on the opinions of medical professionals with respect to the treatment of an inmate, such reliance will not shield an officer of liability if "a reasonable person would likely determine [the medical treatment] to be inferior." *Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). At this point, the Court concludes that there is at least a plausible inference of deliberate indifference on the part of the IDOC Defendants.

The Complaint also states a colorable claim against Defendant Larsen, based on Larsen's alleged knowledge of Plaintiff's inadequate medical treatment and failure to intervene. (Dkt. 39-1 at 6.) Plaintiff informed Larsen that Plaintiff's cell "had no hand rails or any way to use the toilet, nor did it have any available means to walk in the cell, or to use the sink." (*Id*.) Larsen allegedly told Plaintiff that "any further attempts to get a wheel chair will result in a [Disciplinary Offense Report] for manipulating staff." (*Id*.) These allegations are sufficient to withstand screening under 28 U.S.C. § 1915A.

According to Plaintiff, Defendant Larsen is an employee of the IDOC. Because Larsen has not waived service, the Court will require counsel for the IDOC to disclose whether service will be waived on behalf of Defendant Larsen. If counsel notifies the Court and Plaintiff that counsel does *not* accept service on behalf of Defendant Larsen, Plaintiff shall have 90 days from the date of this Order within which to effect service of process on Defendant Larsen.

**MEMORANDUM DECISION AND ORDER - 12**

iv.       <u>Claims against new Defendants: Young, Polson, and Gelok</u>

The Amended Complaint's only allegations against Defendants Young, Polson, and Gelok are that these Defendants acted with deliberate indifference "by denying both the medication and leg brace," confining Plaintiff to a wheelchair, and "allowing [Plaintiff] to live in constant pain." (Dkt. 39-1 at 12-13.) Such allegations do not establish that these Defendants personally participated in the alleged inadequate medical treatment or that they are subject to supervisory liability. For these reasons, Plaintiff may not proceed against these Defendants.

### B. *ADA Claims*

Plaintiff also asserts claims under the ADA, 42 U.S.C. § 12101, *et seq*. Title II of the ADA applies to an "individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Title II extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a disability. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 211 (1998).

In order to proceed with an ADA claim, a plaintiff must plausibly allege (1) that he has a disability; (2) that he is otherwise qualified to participate in or receive a public entity's services, programs, or activities; (3) that he was denied the benefits of those services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was *by reason of*

**MEMORANDUM DECISION AND ORDER - 13**

his disability. *See Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

By statutory definition, a Title II ADA claim must be brought against the state or the state entity. *See United States v. Georgia*, 546 U.S. 151 (2006); *Becker v. Oregon*, 170 F. Supp. 2d 1061 (D. Or. 2001). The state entity is required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

The ADA is not a remedy for inadequate medical treatment. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.")) However, the statute can be used to challenge the lack of accessible prison facilities when officials deny a prisoner the use of assistive devices. *See St. Pierre v. McDaniel*, 1999 WL 109927, at *1, (9th Cir. March 2, 1999) (unpublished) ("Given the evidence presented by [the plaintiff] concerning the effect of defendants' failure to provide him with his crutches, we conclude the district court erred by granting summary judgment on his Eighth Amendment and ADA claims concerning access to the showers, recreation, meals, and medical services.").

Like the initial Complaint, Plaintiff's Amended Complaint states a plausible ADA claim against IDOC for the accessibility issues identified by Plaintiff. However, because Plaintiff has not plausibly alleged that he was denied a wheelchair or other medical

**MEMORANDUM DECISION AND ORDER - 14**

treatment *on account of* his disability, he may not proceed on any ADA claims other than those based on accessibility.

### C.   Remaining Claims

The Amended Complaint does not correct the deficiencies identified by the Court in its Initial Review Order with respect to Plaintiff's due process claims against Defendants Greenland and Clark or his state law claims against any Defendant. Plaintiff has not adequately alleged a liberty interest protected by the Due Process Clause, nor has he identified any specific state law claims he intends to assert against Defendants. (*See* Dkt. 12 & 39-1).

With respect to Plaintiff's reference to an injunction in the separate class action case of *Balla v. Idaho* (*see* Dkt. 39-1 at 9), Plaintiff has not stated an independent and actionable constitutional claim. Any argument that the IDOC is not complying with a court order in another case cannot be brought in a separate action, but must instead be asserted in the original action, through class counsel.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Allow Amended Complaint (Dkt. 39) is GRANTED. The Clerk of Court shall enter the Amended Complaint (Dkt. 39-1) on the docket as a separate docket entry.

2. The Corizon Defendants' Motion to Dismiss (Dkt. 23) is DENIED as MOOT.

3. Defendant Wilcox's Motion to Dismiss (Dkt. 32) is DENIED as MOOT.

4.  Plaintiff may proceed on (1) his Eighth Amendment claims against Defendants Dave Wilcox, Christopher Craig, Casey Eggiman, Daniel Cole, Travis Ball, Effie Reed-Rodriguez, Officer Larsen, Veronica Ferro, and Corizon, LLC, and (2) his ADA claims against the IDOC. All other claims against all other Defendants are DISMISSED without prejudice.

5.  Defendants Wilcox, Craig, Eggiman, Cole, Ball, Reed-Rodriguez, Larsen, Ferro, Corizon, and the IDOC shall answer the Amended Complaint within **21 days** after entry of this Order.

6.  Counsel for the IDOC Defendants shall inform the Court, within **21 days** after entry of this Order, whether counsel accepts service on behalf of Defendant Larsen. If not, Plaintiff must effect service of process upon Defendant Larsen within **90 days** of the date of this Order.

DATED: January 6, 2016

Edward J. Lodge
United States District Judge

**MEMORANDUM DECISION AND ORDER - 16**