UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD VANZANT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVE WILCOX; SGT. CRAIG; OFFICER EGERMAN; CPL. COLE; OFFICER BALL; EFFIE REED; NURSE VERONICA; LT. GREENLAND; LT. CLARK; CORIZON, INC.; IDAHO DEPARTMENT OF CORRECTION; and OFFICER LARSEN,<br><br>　　　　　　　　Defendants. | Case No. 1:15-cv-00118-ELJ-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**MOTION TO RECONSIDER ORDER ON MOTION TO COMPEL (DKT. 64);**<br><br>**MOTION FOR COUNSEL (DKT. 67) and**<br><br>**MOTION FOR LEAVE OF THE COURT TO "STAY" DEFENDANTS' SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF (DKT. 68)** |

## INTRODUCTION

Pending before the Court are three motions filed by Plaintiff Brad Vanzant: (1) Motion to Reconsider Order on Motion to Compel (Dkt. 64); (2) Motion to Appoint Counsel (Dkt. 67); and (3) Motion for Leave of the Court to "Stay" Defendants' Second Amended Notice of Deposition of Plaintiff (Dkt. 68). The motions are ripe and ready for

**MEMORANDUM DECISION AND ORDER - 1**

review. In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the pending motions will be decided on the record and without oral argument. Dist. Idaho. L. Rule 7.1(d). For the reasons that follow, the Court will deny all three motions.

## MOTION TO RECONSIDER ORDER ON MOTION TO COMPEL (DKT. 64)

Vanzant requests the Court to reconsider its order denying Vanzant's motion to compel the video footage of Vanzant's slip and fall. (Dkt. 64.) The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)).

This Court has "distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or to prevent manifest injustice." *Gray v. Carlin*, 2015 WL 75263, at *2 (D. Idaho Jan. 6, 2015) (quoting *Louen v. Twedt,* 2007 WL 915226 (E.D.Cal. March 26, 2007)). Vanzant challenges the Court's ruling—that the IDOC Defendants were under no duty to preserve the video footage—on grounds two and three.

**MEMORANDUM DECISION AND ORDER - 2**

Vanzant offers new evidence, a grievance, in support of his contention that he had requested video footage of his slip and fall before the video was overwritten in the regular course. This new evidence, Vanzant argues, demonstrates that the IDOC Defendants had a duty to preserve the video footage of his slip and fall. The Court has reviewed the grievance, and finds it does not support grounds for reconsideration. The grievance in question was filed by Vanzant on January 21, 2016—possibly within the time period before the video footage of the slip and fall was overwritten.[1] However, the grievance requests only that Vanzant's cell unit be made handicap accessible or that IDOC provide ADA compliant housing for Vanzant. The grievance does not reference his slip and fall nor request IDOC to preserve the video.[2]

Moreover, Vanzant contends the Court erred by not finding that his slip and fall was an "extraordinary circumstance," which would have otherwise prompted the Idaho Department of Correction to preserve the video footage before it was overwritten. Vanzant misses an important aspect of the Court's order—that the Court cannot compel the IDOC Defendants to produce something that is not in their possession, custody, or control. Irrespective of whether the IDOC Defendants had a duty to preserve the video footage of Vanzant's slip and fall, the IDOC Defendants have made it clear that the video

---

[1] Pursuant to ISCI's policy, video footage is preserved up to thirty days before the footage is over written. (Dkt. 55-2.) Vanzant fell on December 30, 2016.

[2] The grievance does not put IDOC on notice of the slip and fall. As illustrated in the Court's order denying the motion to compel, IDOC was aware of the slip and fall when it occurred; however, because IDOC did not consider the fall an extraordinary circumstance, they did not preserve the video.

**MEMORANDUM DECISION AND ORDER - 3**

footage, if it ever existed, is no longer in their possession, custody, or control. As such, the Court will deny Vanzant's motion for reconsideration.

## MOTION TO APPOINT COUNSEL (DKT. 67)

Vanzant requests that the Court appoint him counsel for the following reasons: (1) he cannot afford to hire counsel; (2) the issues in the case are complex and Vanzant has a limited understanding of the law; (3) Vanzant's "jailhouse lawyer" is no longer assisting him with his case; and (4) having to participate in a deposition pro se would be prejudicial to Vanzant. For the following reasons, the Court will deny Vanzant's request.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Vanzant's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Amended Complaint, the Court does not have a sufficient

**MEMORANDUM DECISION AND ORDER - 4**

basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Vanzant has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Moreover, Vanzant's incarceration and limited skill and knowledge of legal matters are not factors constituting exceptional circumstances to warrant the appointment of counsel. Based on the foregoing, the Court will deny Vanzant's request for appointment of counsel. If it appears appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

### MOTION FOR LEAVE OF THE COURT TO "STAY" DEFENDANTS' SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF (DKT. 68)

Vanzant requests the Court to stay Defendants' Second Amended Notice of Deposition of him. It appears, however, that the deposition took place as noticed on October 21, 2016. *See* Aff. Dunbar, Ex. A—Vanzant Deposition (Dkt. 70-3). Accordingly, the Court will deny Vanzant's motion as moot.

### ORDER

### NOW THEREFORE IT IS HEREBY ORDERED:

1) Motion to Reconsider Order on Motion to Compel (Dkt. 64) is **DENIED**;

2) Motion to Appoint Counsel (Dkt. 67) is **DENIED**; and

3) Motion for Leave of Court to "Stay" Defendants' Second Amended Notice of Deposition of Plaintiff (Dkt. 68) is **DENIED**.

Dated: **November 28, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**