UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD VANZANT,<br><br>                    Plaintiff,<br><br>v.<br><br>DEPUTY DAVE WILCOX; SGT. CHRISTOPHER CRAIG; OFFICER CASEY EGGIMAN; CPL. DANIEL COLE; OFFICER TRAVIS BALL; EFFIE REED-RODRIGUEZ; VERONICA FERRO; LT. GREENLAND; LT. CLARK; CORIZON, LLC.; DEPARTMENT OF CORRECTION; OFFICER LARSEN; DR. YOUNG; N.P. POLSON; and N.P. GELOK,<br><br>                    Defendants. | Case No. 1:15-cv-00118-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are three discovery related motions: (1) Plaintiff's Motion to Amend Scheduling Order (Dkt. 69); (2) Defendants' Motion for Protective Order (Dkt. 78); and (3) Plaintiff's Motion to Compel (Dkt. 91). The motions are impeding the resolution of the three pending motions for summary judgment, as Plaintiff

MEMORANDUM DECISION AND ORDER - 1

has not substantively responded to any of the motions and instead filed a response pursuant to Fed. Rule Civ. P. 56(d) based upon his discovery related motions. (Dkt. 81) Having reviewed the parties' briefing, as well as the record in this matter, the Court concludes oral argument is unnecessary. Dist. Idaho L. Rule 7.1. Accordingly, the Court enters the following order denying Plaintiff's motions and granting the motion for protective order.

## BACKGROUND

Plaintiff Brad Vanzant, a prisoner in the custody of the Idaho Department of Correction ("IDOC") who is currently incarcerated at Idaho State Correctional Institution ("ISCI"), is proceeding pro se in this civil rights action. Plaintiff has been allowed to proceed on Eighth Amendment claims (filed pursuant to 42 U.S.C. § 1983) and claims under the American with Disabilities Act ("ADA") against Defendants IDOC, Dave Wilcox, Christopher Craig, Casey Eggiman, Daniel Cole, Travis Ball, Effie Reed-Rodriguez, Officer Larsen, Veronica Ferro, and Corizon, LLC.[1] (Dkt. 12).

Plaintiff filed the instant civil rights complaint on March 31, 2015. The Complaint alleges that, without pain medication and a special brace, Plaintiff cannot walk due to severe pain and lack of strength in his legs. Plaintiff claims that (1) Defendants denied him a wheelchair and adequate pain medication during at least some of his incarceration, (2) Plaintiff was placed in a non-handicapped accessible cell and required to use non-accessible showers, and (3) Plaintiff was placed in segregated housing without a hearing.

---

[1] The Corizon Defendants are Corizon, Ferro and Rodriguez; the IDOC Defendants are Craig, IDOC, Ball, Eggiman, Cole, and Larsen.

**MEMORANDUM DECISION AND ORDER - 2**

The Court completed its initial review of the Complaint on August 5, 2015, instructing the parties that discovery could not begin until an answer had been filed. The Court further instructed the parties that initial disclosures were due within 30 days after an answer was filed. (Dkt. 12.)

The Corizon Defendants waived service on September 4, 2015. (Dkt. 18-20.) A few days later, they received discovery requests, dated September 10, 2015, from Plaintiff. On October 2, 2015, counsel for the Corizon Defendants sent Plaintiff a letter explaining that his discovery requests were premature and the Corizon Defendants would not be responding at that time. The same day, the Corizon Defendants moved to dismiss Plaintiff's claims against them. (Doc. 23.) Later, several other defendants, employees of the Idaho Department of Correction, appeared and one also moved to dismiss Plaintiff's Complaint on October 27, 2015.

Upon resolving Defendants' motions to dismiss and allowing Plaintiff to file an amended complaint,[2] the Court entered a scheduling order on February 3, 2016, setting deadlines for completion of discovery and requiring initial disclosures to be exchanged by the parties within thirty days. (Dkt. 47, 48.)

The Corizon Defendants represent that they produced initial disclosures to Plaintiff, which included 193 pages of Plaintiff's medical records and 68 pages of grievance records that the defense had obtained from the IDOC. The Corizon Defendants did not respond to Plaintiff's earlier discovery requests on the grounds that they were

---

[2] Plaintiff filed his amended complaint on January 6, 2016, and Defendants each filed answers on January 27, 2016.

**MEMORANDUM DECISION AND ORDER - 3**

served prematurely, and later, because they expected more targeted discovery from Plaintiff as a result of their initial disclosures.

On April 16, 2016, Plaintiff sent the Corizon Defendants a letter stating "[y]our client has failed to answer Plaintiffs Interrogatories, Request for Production, and Request for Admission." (Dkt. 49.) Plaintiff did not call defense counsel, but instead requested counsel to contact Plaintiff or he would move to compel. (*Id*.) In response, on May 4, 2016, defense counsel wrote Plaintiff asking for additional details of his discovery disputes and a convenient time for a conference to discuss those disputes: "[i]f you desire to speak personally, please let me know when you wish to have such a conference." (Eaton Aff., Ex. C, Letter of May 4, 2016.) The Corizon Defendants reasserted their objections to the September 2015 discovery requests as premature and outside the discovery period. (*Id*.)

Plaintiff next sent a letter that provided no further information, but told the Corizon Defendants' counsel to contact ISCI. (*Id*., Ex. D, Letter of May 16, 2016.) Meanwhile, Plaintiff sought to compel discovery from the IDOC Defendants on June 8, 2016, (Dkt. 51), and refused to appear for his deposition, which resulted in a motion to compel from the IDOC Defendants. (Dkt. 54.) On August 31, 2016, the Court granted the IDOC Defendants' motion and also extended the discovery deadline two additional months to October 28, 2016, with dispositive motions due on November 28, 2016. ((Dkt. 62.)

During his deposition on October 21, 2016, Plaintiff complained to defense counsel that the Corizon Defendants had provided no responses to the September 2015

**MEMORANDUM DECISION AND ORDER - 4**

discovery, particularly concerning the qualifications of LPN Ferro and LPN Reed-Rodriguez. While the Corizon Defendants maintained and continue to maintain their position that Plaintiff never appropriately served the September 2015 discovery, they provided additional information to Plaintiff on November 4, 2016. As defense counsel wrote, "we thought you decided to not pursue the written discovery" in light of the initial disclosures, but because of the representations during the deposition, responses were provided.

On November 17, 2016, Plaintiff sent a letter to the Corizon Defendants asserting that his September 2015 discovery was timely, the Corizon Defendants' responses were egregiously late, and all requests for admission would be considered admitted by the failure to respond. Plaintiff stated that the Corizon Defendants knew as of April of 2016 that he wanted responses and that the Corizon Defendants failed to confer with Plaintiff regarding any objections they had to the discovery requests.

## DISCUSSION

1.  **Motion to Amend**

On November 23, 2016, after the discovery deadline lapsed, Plaintiff filed his motion to amend the scheduling order. Plaintiff seeks to modify the amended scheduling order to complete discovery on the grounds that disputes arose that have not been resolved. The motion is based upon the delayed receipt of discovery responses from the Corizon Defendants, who did not respond to Plaintiff's discovery requests until November 4, 2016. Further, Plaintiff indicates that, because he served an identical set of discovery requests to all of the Defendants, he therefore needed all of the Defendants'

**MEMORANDUM DECISION AND ORDER - 5**

responses so he could adequately assess whether the requests were answered correctly, as certain Defendants referred him to answers provided by other Defendants.

Defendant Wilcox opposes the motion on the grounds that Plaintiff should have been more diligent, and should have filed a motion to compel when the Corizon Defendants' discovery responses were not forthcoming. The IDOC Defendants oppose the motion on the grounds that Plaintiff cannot establish good cause or excusable neglect for his failure to seek an extension of the discovery deadline prior to its expiration on October 28, 2016. And the Corizon Defendants oppose the motion on the grounds that they ultimately provided the discovery responses prior to the deadline, and Plaintiff failed to confer with them regarding the discovery requests. Corizon maintained that it did not provide responses earlier because Plaintiff prematurely served the discovery requests in September of 2015, contrary to the Court's Initial Review Order, which prohibited discovery until after an answer had been filed.[3]

Once the Court sets a case management schedule pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good cause analysis is on "the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). Thus, the issue under Rule 16(b) is whether the "pretrial schedule ... cannot reasonably be met despite the diligence of the party seeking the

---

[3] The Corizon Defendants informed Plaintiff on October 2, 2015, that they would not be responding to the discovery served, because they had not filed an answer. (Dkt. 77-3 at 2.) Corizon Defendants did not file an answer until January 27, 2016, after the Court had resolved Defendants' motions to dismiss and permitted Plaintiff to file an amended complaint.

**MEMORANDUM DECISION AND ORDER - 6**

extension." *Id.* (quoting Fed. R. Civ. P. advisory committee's notes (1983 amendment)) (internal quotation marks omitted). "If that party was not diligent, the inquiry should end." *Id.*

Plaintiff has not established good cause to amend the scheduling order. If, as Plaintiff states, the Corizon Defendants knew as of April 2016 that he wanted the Corizon Defendants to respond to the discovery he served in September of 2015, Plaintiff has not explained why he did not either file a motion to compel at that time, or simply re-serve the same discovery requests upon the Corizon Defendants based upon their position that the only reason for not answering the discovery requests was because Plaintiff served them prematurely.

While it is unfortunate the Corizon Defendants sought to impose a legally sufficient, but truculent, position[4] which could have been resolved by asking Plaintiff to re-serve the discovery requests he desired them to answer, their position did not preclude Plaintiff from resolving the issue back in April of last year.[5] Further, the Corizon Defendants represent they served their initial disclosures within the time frame set by the Court's February 2, 2016 amended scheduling order, which included 193 pages of Plaintiff's medical records and 68 pages of grievance records that the defense had obtained from the IDOC.

---

[4] Apparently, the other Defendants answered the September 2015 discovery requests on February 29, 2016, after the Court issued its February 2, 2016 amended scheduling order and did not take the position that the Corizon Defendants asserted. (Dkt. 77-7 at 2). The Court strongly cautions Corizon from taking this position in the future with pro se litigants.

[5] Plaintiff filed a motion to compel on June 8, 2016, which was directed at the IDOC Defendants. Plaintiff was therefore aware of the tools at his disposal. Nonetheless, the parties continued to correspond, which did little to alleviate the misunderstanding.

**MEMORANDUM DECISION AND ORDER - 7**

In light of the above, the Court finds Plaintiff has not established good cause to support his request for an extension of the discovery deadline.

### 2. Motion for Protective Order

Plaintiff asserts that, because the Corizon Defendants did not respond to his requests for admission served in September of 2015 until November 4, 2016, which was after the discovery deadline lapsed, the Court should deem the requests admitted. The Corizon Defendants have requested a protective order, and reassert their contention they properly refused to answer the September 2015 discovery requests on the grounds they were premature, as an answer had not been filed. Plaintiff asserts, however, that Corizon's position is disingenuous, because once the Defendants filed their answers January 27, 2016, the IDOC Defendants and Defendant Wilcox responded to the discovery requests.

The Court's Initial Review Order, entered August 5, 2015, instructed the parties that they "shall not engage in any discovery until an answer has been filed." (Dkt. 12 at 17.) The Court further instructed that, within 30 days after an answer had been filed the parties must provide each other with specific voluntary disclosures, which included "all relevant information pertaining to the claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information, as well as any relevant documents in their possession." (*Id.*) Although the Corizon Defendants chose to rest upon their position that Plaintiff's discovery requests, including his requests for admission, were prematurely served, the discovery requests eventually were answered prior to the dispositive motion deadline.

**MEMORANDUM DECISION AND ORDER - 8**

When a party fails to timely respond to requests for admissions, those requests are automatically deemed admitted. *See* Fed. R. Civ. P. Rule 36(a). "Any matter admitted under this rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. Rule 36(a). The Rule provides the Court discretion to grant relief from an admission made under Rule 36(a) if (1) "it would promote the presentation of the merits of the action" and (2) "'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations omitted).

"The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). For example, in *Conlon*, the plaintiff failed to respond to requests for admissions and thereby admitted his damages were not caused by the wrongful acts of the defendant. "[T]he deemed admissions eliminated any need for a presentation on the merits" and therefore satisfied the first prong of the standard for granting relief from deemed admissions. *Conlon*, 474 F.3d at 622.

Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed

**MEMORANDUM DECISION AND ORDER - 9**

admitted." *Hadley*, 45 F.3d at 1348, (citing *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). The party who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice the party's case.

The Corizon Defendants effectively seek an order permitting withdrawal should the Court deem the requests admitted. Here, the Court finds that, to the extent the Corizon Defendants' late submissions should subject them to having Plaintiffs' requests deemed admitted, relief is properly granted. Upon review of Plaintiff's first requests for admission, the Court finds that upholding an admission would eliminate presentation of the merits of the case with respect to the Corizon Defendants, as well as other Defendants. Plaintiff seeks to have Corizon admit that Plaintiff arrived at ISCI in a wheelchair, and that his later request for use of a wheelchair upon intake at ISCI was denied. Plaintiff seeks also to prove all of the other factual details of his case via his requests for admission.[6] However, if the Court deems these requests admitted, it would effectively bar not only the Corizon Defendants, but possibly the other Defendants, from presenting proof regarding the facts of this case. Additionally, if the Court were to prohibit withdrawal of the admissions it would prevent the admission of relevant evidence not only by the Corizon Defendants, but by the other Defendants, regarding the facts even if contrary to the admissions.

Second, other than citing the Corizon Defendants' dilatory tactics, Plaintiff has not established prejudice. Plaintiff has not established that he will have difficulty proving his

---

[6] The Corizon Defendants denied these statements in their answers to the requests for admission.

**MEMORANDUM DECISION AND ORDER - 10**

case in the context of Rule 36(b)'s test. Plaintiff has not shown that key witnesses are now unavailable, nor has he shown that he has not received evidence with respect to the questions allegedly deemed admitted.

Plaintiff has not established the crucial elements for satisfying Rule 36(b)'s test. Accordingly, the Corizon Defendants' motion for protective order will be granted.

**3.      Motion to Compel**

Plaintiff filed his motion to compel on February 2, 2017, well after the close of discovery and after the deadline for filing dispositive motions had passed on November 28, 2016. The motion is directed at all Defendants.

With regard to Defendant Wilcox and the IDOC Defendants, the motion is untimely, and is therefore denied as to these Defendants. The Court will, however, consider the motion on its merits to assuage any lingering doubts as to the Corizon Defendants' compliance with discovery.

Request for Production No. 8 seeks a medical response log regarding the Corizon Defendants' response to a call on December 30, 2014, when Plaintiff fell. The Corizon Defendants referred Plaintiff to any response supplied by Defendant Craig, and the IDOC Defendants referred Plaintiff to his medical records, notwithstanding their objection to the phrase "medical response log." Plaintiff has not explained why the medical records are unresponsive to his request for production or why the Corizon Defendants would have additional relevant information. In addition, the Corizon Defendants, in their response brief, supplemented their answer indicating they do not possess responsive documents.

**MEMORANDUM DECISION AND ORDER - 11**

Request for Production No. 9 seeks logs, registers, lists, or other records from IDOC, ISCI and Corizon to show who visited Plaintiff while he was housed in Unit 8 between December 24, 2014, through December 31, 2014. Corizon Defendants responded that they have no responsive documents other than Plaintiff's medical records. Plaintiff appears to believe there are other records, but the Court cannot compel production of records the Corizon Defendants aver do not exist. In their reply brief, the Corizon Defendants confirmed they do not have responsive documents related to IDOC or ISCI, and they are unaware of any other documents besides the medical records provided.

Interrogatory No. 5 asks the Corizon Defendants to describe the intake process for an inmate who arrives in a wheelchair from the county jail. Corizon Defendants objected to the question on the grounds Plaintiff did not arrive in a wheelchair, but answered that, had he arrived in a wheelchair or consented to a physical exam, Corizon Defendants would have authorized a five-day pass for a wheelchair until further review could be made of Plaintiff's condition. Corizon Defendants further explained Plaintiff refused a physical examination upon intake. Plaintiff argues Corizon Defendants' answer is deficient, based upon the answers submitted by other IDOC personnel. However, Corizon Defendants appropriately limited their response to the scope of its obligations, which were solely medical in nature. Additionally, the Corizon Defendants supplemented their answer in their response brief, indicating that they did not have information about the intake process, and reiterated their process for evaluating whether an inmate needs a

wheelchair. The answer, together with the supplemental answer, complies with Fed. Rule Civ. P. 33.

Interrogatory No. 23 asks the Corizon Defendants to describe its pain management protocol. Subject to an objection, Corizon answered that its medical providers decide, in their professional judgment, what course of treatment, including analgesic medications, should be pursued to address an inmate's pain. Plaintiff objects, on the grounds that the pain management protocol used by Corizon has been documented in another case, identified as *Balla*. However, in its supplemental response, the Corizon Defendants further explain that they do not have a specific pain management protocol. Corizon has indicated that pain management is tailored to the specific individual. The answer is satisfactory.

Request for Admission No. 2 asks Corizon to admit that Plaintiff arrived at ISCI in a handicap accessible van. Corizon indicated that, after a reasonable inquiry, it is unable to admit or deny the request based upon the information they had. Plaintiff indicates the response is inadequate, because Defendant Wilcox admitted the answer. Corizon Defendants are not required to rely upon or reference the answers of other parties, and are required only to rely upon information readily available to it, as an organization. Plaintiff has Defendant Wilcox's admission to this question. Corizon is not obligated to review the answers by all other Defendants, or conduct a similar inquiry of other Defendants, to fulfill its obligation under Fed. Rule Civ. P. 36(a)(4).

Request for Admission No. 3 asks Corizon to admit Plaintiff requested the use of a wheelchair upon his arrival at ISCI. Corizon denied the request as it was stated, and

**MEMORANDUM DECISION AND ORDER - 13**

explained the reason for the denial. The Corizon Defendants indicated that, upon arrival, Plaintiff demanded Dilaudid and refused a physical assessment to determine whether he had a need for a wheelchair. Plaintiff argues the answer is inadequate, because Corizon refused to answer the admission as stated. However, in light of Corizon's answer to other questions, the answer is adequate. Corizon explained that, upon an inmate's arrival at a prison facility, its employees assess medical necessity for durable medical equipment such as wheelchairs.

Request for Admission No. 8 asks Corizon to admit whether Plaintiff was taken from Unit 7 to Unit 15 in a wheelchair for the orientation class. Corizon denied the request as stated, explaining that Plaintiff was transported from a holding cell to intake for medical evaluation in a wheelchair. Plaintiff argues the response is inadequate. However, Corizon has indicated correctly that, as the question is posed, the request is denied. It nonetheless admitted the facts it is aware of and has responded to the substance of the matter, in compliance with Fed. Rule Civ. P. 36(a)(4).

Request for Admission Nos. 29 and 30 ask Corizon to admit Plaintiff sought medical help on December 30, 2014, while in Unit 8, and that medical response was called to Unit 8 upon Plaintiff's request. Corizon answered the request by stating Plaintiff refused evaluation by a nurse on December 30, 2014. Plaintiff argues the answer is not sufficient. However, it would appear that Corizon's answer fairly responds to the substance of the request. By its answer, the Court infers that regardless of the specific medical help Plaintiff requested, he later refused evaluation by a nurse. Corizon's answer complies with Fed. Rule Civ. P. 36(a)(4).

Request for Admission No. 33 asks Corizon to admit that, on December 31, 2014, P.A. Delwoo gave Plaintiff a wheelchair to use. Corizon denied the request as it was phrased, and explained that P.A. Delwoo provided Plaintiff a wheelchair on December 30, 2014, after Plaintiff consented to a physical assessment. Plaintiff argues that Corizon's answer incorrectly asserts Corizon's own version of events. The Court finds the answer sufficient. Corizon has effectively answered the request, and explained that a wheelchair was provided once a physical assessment was conducted on a date different than in Plaintiff's request.

Request for Admission No. 36 asks Corizon to admit that Plaintiff had a medical need for a wheelchair on December 24, 2014, when he arrived at ISCI. Corizon denied the request as stated, and answered that Plaintiff refused to allow Defendants to assess him and determine whether he had a medical need for a wheelchair on that date. Plaintiff argues the response is insufficient and incorrectly answered, because had the Corizon Defendants reviewed Defendant Wilcox's answer to the same request, it should have warranted an admission. The Court finds the answer fairly responds to the substance of the matter, as the Corizon Defendants have consistently stated their job was to medically assess Plaintiff, and he allegedly refused to allow the assessment so that medical necessity could be determined. Further, Corizon Defendants are not required to review answers provided by other parties to fulfill their obligations under Fed. Rule Civ. P. 36.

4. **Rule 56(d) Motion**

Related to the previous three discovery motions is Plaintiff's response to Defendants' motions for summary judgment, which asserts that facts are unavailable to

him because of the discovery disputes. Accordingly, Plaintiff has not filed a responsive brief and supporting materials to the motions.

To obtain relief under Rule 56(d), litigants must establish three factors: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought after facts are essential to resist the summary judgment motion." *State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (quoting *Campbell*, 138 F3d. at 779).

Here, Plaintiff seeks relief based upon his discovery related motions, which the Court has resolved. Accordingly, the motion will be denied.

## CONCLUSION

Based upon the foregoing, the Court finds Plaintiff has not established good cause to amend the Court's scheduling order. Plaintiff further has not met the standard under Fed. Rule Civ. P. 36(a) for deeming the requests for admission admitted. Thus, to the extent the Corizon Defendants properly asserted their objections via their motion for protective order, the motion is granted. And finally, Plaintiff's motion to compel is untimely with regard to Defendant Wilcox and the IDOC Defendants, and the Court has addressed the substance of Plaintiff's objections to the same above. The Court finds the Corizon Defendants adequately responded to the requests for production, interrogatories, and requests for admission, and finds also that the supplementation of Corizon

Defendants' responses more than adequately fulfills the Corizon Defendants' discovery obligations. Accordingly, Plaintiff's Rule 56(d) motion, filed in response to the Defendants' motions for summary judgment, is denied. Plaintiff will be given thirty days from the date of this order within which to file a response to the pending motions for summary judgment.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Modify Amended Scheduling Order (Dkt. 69) is **DENIED**.

2) Defendants' Motion for Protective Order (Dkt. 78) is **GRANTED**.

3) Plaintiff's Motion to Compel (Dkt. 91) is **DENIED**.

4) Plaintiff's Rule 56(d) request is **DENIED**.

5) Plaintiff is directed to prepare responses to the pending motions for summary judgment (Dkt. 70, 71, 73) on or before **July 17, 2017**.

DATED: June 12, 2017

Honorable Candy W. Dale
United States Magistrate Judge