UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD VANZANT,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVE WILCOX; SGT. CRAIG; OFFICER EGERMAN; CPL. COLE; OFFICER BALL; EFFIE REED; NURSE VERONICA, LT. GREENLAND; LT. CLARK; CORIZON, INC.; IDAHO DEPARTMENT OF CORRECTION; and OFFICER LARSEN,<br><br>    Defendants. | Case No. 1:15-cv-00118-BLW-CWD<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

In March 2018, this Court granted summary judgment in Defendants' favor on all Vanzant's claims save one, his Eighth Amendment claim against Defendant Veronica Ferro. That claim will proceed to trial. Meanwhile, Vanzant asks the Court to reconsider its summary judgment ruling (Dkt. 135). He argues that the Court erred by failing to grant his request for injunctive relief and by dismissing certain defendants. For the reasons explained below, the Court will deny the motion.

# DISCUSSION

**1.    Rule 11**

The first problem with Vanzant's motion is that he did not sign it. His mother did. Vanzant's mother is not a lawyer, however, and Vanzant is appearing pro se in this action.

Under 28 U.S.C. § 1654, parties may proceed in federal court only pro se or through counsel. Because Vanzant is appearing pro se, he must personally sign "[e]very pleading, written motion, and other paper . . ." he files. Fed. R. Civ. P. 11(a). Additionally, Idaho state law prohibits Vanzant's mother from engaging in the unauthorized practice of law. *See* Idaho Code § 3-104.

Vanzant attempts to skirt these rules by pointing out that his mother holds a power of attorney for him. He argues that the "power of attorney . . . grants her the right to sign off on anything relating to Plaintiff." *Reply*, Dkt. 141, at 1. This is not correct. While a power of attorney may confer certain decision-making authority to the holder under state law, it does not change the requirements of 28 U.S.C. § 1654. *See, e.g. Johns v Cnty. of San Diego*, 114 F.3d 874 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (an "attorney-in-fact" may not litigate a pro se action on behalf of another). Nor does the power of attorney allow plaintiff's mother to circumvent state laws prohibiting the unauthorized practice of law.

Under these circumstances, the Court will deny the motion. Plaintiff is also advised that if similar violations occur in the future, the Court will consider sanctions.

**2.      Motion for Reconsideration**

Alternatively, the Court will deny Vanzant's motion on the merits.

Either party may seek reconsideration of the ruling on a summary judgment motion. *See Lolli v. Cnty. of Orange*, 351 F3d 410, 413-14 (9th Cir. 2003). Granting reconsideration is a matter of judicial discretion, however, and is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rather, there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Vanzant has not come forward with evidence or arguments that would satisfy any of these four grounds.  Instead, he has simply explained why he disagrees with the Court's ruling.  This does not meet the standard for reconsideration.

## ORDER

IT IS ORDERED that:

(1) Plaintiff's Motion for Reconsideration (Dkt. 135) is **DENIED.**

(2) Plaintiff's Motion for Recalculation of Time (Dkt. 140) is **MOOT.**

DATED: October 2, 2018

B. Lynn Winmill
Chief U.S. District Court Judge