UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD VANZANT,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVE WILCOX; SGT. CRAIG; OFFICER EGERMAN; CPL. COLE; OFFICER BALL; EFFIE REED; NURSE VERONICA, LT. GREENLAND; LT. CLARK; CORIZON, INC.; IDAHO DEPARTMENT OF CORRECTION; and OFFICER LARSEN,<br><br>    Defendants. | Case No. 1:15-cv-00118-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court are three motions filed by Plaintiff Brad Vanzant: (1) a Motion for Appointment of Counsel (Dkt. 147); (2) a Motion "for all pertain information regarding Rule 702 Motions and Serious Daubert Issues" (Dkt. 148); and (3) a Motion for Job Description of LPN's Corizon Employees (Dkt. 149). For the reasons explained below, the Court will deny these motions.

# DISCUSSION

1. **The Referral Order**

Preliminarily, the Court will withdraw the order referring all matters in this case to

a United States Magistrate Judge. *See Scheduling Order,* Dkt. 47, ¶ 8. This case was originally assigned to District Judge Edward J. Lodge. Judge Lodge referred all matters in this case to a magistrate judge. *See id.* The case was later reassigned to the undersigned judge, who does not routinely refer matters to magistrate judges. Accordingly, in keeping with its regular practice, the Court will withdraw the earlier referral order.

2. **Motion for Appointment of Counsel**

The Court previously denied plaintiff's request to appoint counsel. *See Aug. 5, 2015 Initial Review Order.* Plaintiff has not explained why this decision should be reconsidered, and, moreover, the Court is not convinced that plaintiff requires the assistance of counsel to prosecute this straightforward civil case. The Court will deny the motion for appointment of counsel for the same reasons articulated in the earlier order. *See id.*

3. **Motion Regarding Rule 702 Motions and Daubert Issues**.

In its earlier trial-setting order, the Court ordered the parties to notify it if the case involved any "serious Daubert issues." *See Nov. 7, 2018 Amended Trial-Setting Order,* ¶ 3. Neither party has indicated that there are any such issues. So there is nothing to decide on this issue. Further, it is not the Court's function to send information to the parties regarding Daubert issues; the parties must identify those issues. The Court will therefore deny plaintiff's request that the "to send [him] all information pertaining to and regarding Rule 702 motions & involving serious Daubert issues, . . . ." Dkt. 148, at 1.

### 4. Motion Regarding Job Descriptions

In his third motion, plaintiff asks the Court to "have Corizon turn over all job description of their LP.N's that work at IDOC . . . ." Dkt. 149, at 1. The Court will deny this request. The discovery deadline has long since passed, and plaintiff does not make any effort to explain why that deadline should be extended. *See generally* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

### ORDER

**IT IS ORDERED THAT:**

(1) The earlier referral order in this case, Dkt. 47, ¶ 8, is **WITHDRAWN**.

(2) Plaintiff's pending motions at Dkts. 147, 148, and 149 are **DENIED.**

DATED: February 6, 2019

_____
B. Lynn Winmill
U.S. District Court Judge